Case number 3-210389 Kathy Jones, Scott Jones, and John Donnelly Appellee v. Brandt Construction Co. Charles Brandt and Terrence Brandt et al. Appellants. Again, this is Stanley New, NIEW, appearing on behalf of the Appellants, Brandt Construction, and the other defendants. The appeal is from an order of August 19, 2021, awarding $135,540 in attorney's fees and costs of $22,776. And we object to both the amount of the fees and the amount of the costs. What's important for this panel to understand is prior to the judgment, the trial court ordered everybody to mediation, which resulted in a settlement. The settlement was Plaintiff Kathy Jones received $284.29. Scott Jones received $17,503.94. And John Donnelly received $12,211.77 for a total of $30,000. And this is after three and a half years of litigation. The trial court mentioned that in the settlement, there was a 2% penalty calculated. And if the court would look at the releases, there is no calculation of a 2% penalty. Now, it is the position of the appellant that three and a half years of litigation for a $30,000 settlement shows that it was not only unreasonable and unnecessary litigation. The attorney's fees were referred to the trial court was for the reasonableness of the fees and costs. Please note that the appellants do not argue that no fees or costs are due. Appellants suggest that the award of attorney's fees and costs should be a total of $67,735.81 as outlined on pages 34 and 35 of the brief. I asked myself, is an award of $135,540 reasonable on a $30,000 settlement? Again, I point out Kathy Jones gets $284.29. Why was Kathy Jones even in the litigation? Why was she a plaintiff? Why was it necessary to depositions in order to determine or try to determine what damages are? I believe that demonstrates bad faith on the part of the plaintiffs. Other flaws in the arguments of the name Michelle Stuckel as a control expert under 213 F3. You look at Stuckel's report, Stuckel merely added columns of numbers and she gave no opinion and no reasoning. Stuckel stated, and I quote in her opinion, assess the proper payment and withholding. End of quote. All she did was to look to see if the payments were correct and were the withholding correct. She then calculated, Stuckel did, a 2% penalty on the section 125 benefits, which is a cafeteria plan, which was approved and adopted by Frank Construction Court. The trial court never ruled on the motion to strike Stuckel's report or in the alternative motion in limine to bar the report. But I suggest to this panel that the panel should read that report to get the breadth of what was done or what was not done in this litigation. Now, there were other glaring errors in the judge's opinion, trial court's opinion. For example, the fees for preparing the complaint and the amended complaint were totally excessive. The preparation of the complaint, the plaintiff charged 20.2 hours to draft the initial complaint and an additional 4.7 hours to prepare an amended complaint. This is not a difficult issue. 20 hours to draft the complaint when it should have taken two to three hours at most. It is unreasonable for the appellants to pay for such excessive attorney's fees. Travel time was also excessive. There were 18 trips by plaintiff's attorney charged at the rate of the attorney. I don't know of any attorney while driving that doesn't conduct other business. There was no time deducted for conducting other business or talking on the cell phone. That is not reasonable and the court should not consider that. In addition, fees to prepare for the depositions were 171.2 hours. All the depositions were completed in one day. Again, unreasonable fees. Now, we go to the appellee's attorney review of Jones insisted on two days to review documents which were located in three different buildings. The attorney Jones came and stayed a mere two and a half hours and I suggest that this was evidence of a mere fishing expedition and a waste of time. The branch senior management spent hours getting prepared for documents when they were apparently not needed. Now, the appellate appellant suggests that the following should be $26,316. The fees that should be deducted are for the so-called expert and that was $23,314.15. There were fees that were excessive for a secretary which was she was called a paralegal Lynch and the excessive amount was $8,746. Plaintiff's time for drafting the initial complaint was overstated by $5,460. Plaintiff's attorney's time to prepare the amended complaint was overstated by $1,410. How did you determine the overstatements, Mr. New? I looked at my experience, what it would take. I looked at other cases that I've handled and I gave the benefit of the plaintiff. It doesn't take 70, 80 hours to draft the complaint. That's just not possible. I mean the complaint that is in this case couldn't have taken more than three or four hours. It was 45 pages long, wasn't it? With the documents but that was the amended complaint, I believe. Plaintiff's expenses expended on the depositions were overstated by $5,144 and plaintiff's time taking the depositions was overstated by $29,815. Now I have a chart in my brief which explains each one of these things. The travel time, I've already talked about Lance Jones, it should be reduced in my judgment by $13,000 and mileage should also be reduced by $1,670. The total amount of $67,735.81 is what we believe is reasonable and all the outlines that I took totaled $88,581 and that was deducted from the $156,316 which came to a total of $67,735 which I believe are reasonable fees. Mr. New, did you argue all these things to the trial court? Did you argue all of these things to the trial court? I'm sorry, I'm having trouble hearing you, your honor. Excuse me, he asked you if you had argued all of those things to the trial court. I don't recall, I can't say for certain. I believe I did but I'm not going to say yes unless I'm sure. Is your argument complete Mr. New? Yeah, that concludes my argument. Okay, are there any other questions? Mr. Insler? Thank you, your honor. Charles Insler on behalf of the plaintiff's appellees. This case presents a single question for appeal. Did the circuit court abuse its discretion when it awarded plaintiffs $135,000 in fees and $20,000 in costs after very careful consideration of counsel's billing entries? The circuit court did not abuse its discretion and I'd like to start the standard of review which was not mentioned in the opening brief. The standard of review here is abuse of discretion. Abuse of discretion governs a review of fee awards. In order to reverse the circuit court, this court would have to find that no reasonable person would reach the same decision as the trial court and defendants cannot meet that very high standard. Defendants cannot meet that high standard because the circuit court followed the law and addressed the relevant factors. The circuit court found that certain projects took too long such as drafting the complaint and responding to a motion to strike that's at A18. The circuit court found that secretarial work was billed instead of paralegal work and when it shouldn't have been. The circuit court found that paralegal work was double billed and struck those entries. So the circuit court reduced the initial fee from $182,000 to $169,000. The circuit court then reduced the overall fee by 20% based on the disparity between the fee requested and the damages at issue. Now on the other hand, the circuit court found that it had a familiarity with the case having presided over the case for more than three years. The circuit court found that the plaintiffs had referred to a full recovery by the plaintiffs and the circuit court also noted the defendant's aggressive litigation tactics which included multiple motions that required substantive responses from the plaintiffs and all of these motions that noted were either denied or never ruled on. These motions included the removal to federal court which required a motion to remand, a motion to dismiss, two separate motions for summary judgment, two separate motions to strike and countless discovery disputes. The circuit court was correct to find that these motions increased the cost of litigation. That's at age 20. Defendant's main argument appears to be that the fee award $135,000 is too large in light of the settlement amount $30,000 but this argument misunderstands the importance of fee shifting statutes. In Thomas, the first district recognized fee awards may exceed the damages sought and even by a large margin. In Thomas, for example, the fee award was roughly 20 times the damage award. The circuit court analyzed the fee damage discrepancy but it found the defendant's motion practice was one of the main reasons for the discrepancy and also found that many and also found that the majority of the plaintiff's fees were reasonable. That's at age 22. There are important legislative choices here at play. The fee shifting provisions of the wage payment act and the prevailing wage act reflect the legislature's view that both large and small violations must be punished. The ordinary worker who has been exploited cannot vindicate his or her rights without an incentive for a fee recovery. Litigation is just too expensive so pursuing a claim may exceed the value of that claim but the legislature explicitly recognized this financial reality when it provided for reasonable fee awards for these types of claims. In a contrary holding which is what the defendants are proposing in which fees are somehow capped or tied to the damages would only serve to promote petty tyranny as the Mendes were found. Now these financial realities are also why the plaintiffs have moved to recover their fees for this appeal. Without appellate fees an employee's trial award would be quickly dissipated by the fees needed to defend that award on appeal and the law supports this. When a defendant appeals and the plaintiff has no choice which is the case here but to defend that award appellate fees are part of the proceedings. Now the defendants complain about the time spent to draft the would have been enough time to draft a complaint but drafting a complaint is the opening impression that the court has of a case. It requires research, it requires investigation, it requires contact with clients. It's not a two-hour endeavor and the circuit court recognized that. The circuit court did reduce the amount of time from 20 hours to 13 hours and that is not mentioned by the defendants but the complaint was 15 pages long and 45 pages with exhibits and it was a reasonably conducted endeavor. Let's talk about the expert and the retention of the expert and the defendant's arguments assume that the expert was struck but the circuit court never struck Steckel as an expert. Her work was valuable and integral to the damage calculations in this case so the importance of her work and her attention cannot be overstated. Her calculations are in record from C43 to 348 volume 2. The defendants complain about paralegal work and and seek to strike all 83 hours of paralegal work. Now their argument ignores the fact that the circuit court analyzed the paralegal work and in fact cut 36 hours of that work. It also ignores what the the actual work performed by the paralegals. This work included drafting FOIA requests, finalizing the complaint, preparing exhibits and summons and preparing other paralegal work and preparing other work of a paralegal nature. The defendants seek to strike travel time but travel time is fully compensable at the full hourly rate as a matter of law. The defendants complain about deposition preparation and deposition time. All of the deposition preparation and attendance were necessary in this case. The depositions at issue were the named parties in this case and each party's respective expert. There were no unnecessary depositions and the circuit court already reduced the deposition time when you account for the overall 20 percent reduction across the board. The defendants complained that discovery was a waste of time. It was not a waste of time. The documents that were produced in this case were necessary for analyzing and establishing damages. And the defendant's argument is ironic because they seek to penalize the defendant, the plaintiffs for their efficiency. The defendants seem to complain that discovery should have taken more time but the plaintiffs should have been at the defendant's offices for two days instead of two hours. The argument also ignores the fact that if they didn't want the plaintiffs to have to come to their office they could have simply produced the documents electronically which is certainly a very common place these days. The defendants complain about the two percent damages argument and that argument is both wrong on the facts and it's wrong on the law. There was a two percent penalty built into the damages model. The plaintiff's expert calculated the damages at $29,590 and that calculation included the two percent penalty and you can see that two percent penalty in the charts at C-343 to C-347 in volume two. The far right column includes the two percent statutory damage amount. Now the argument is also wrong on the law because the wage payment act does not tie a two percent damage provision to the to an attorney fee The plaintiffs will respectfully request that this court affirm the circuit court's order and judgment which awarded $135,000 in fees and $20,000 in costs and it would also ask that this court remand the case to the circuit court for the determination of an appropriate fee for defending this appeal. Thank you, your honors. Are there any questions? No. Mr. New, any rebuttal? Yes, just I want to point out to the court that $158,000 in attorney's fees and costs for a $30,000 settlement is not reasonable and is of discretion. If at any time the plaintiffs would have given a hint that this case could have been settled for $30,000, it would have been settled years before that. The Brandt people are sophisticated businessmen who have been doing this for many years and they would jump at a $30,000 settlement. Other than that, I have no further comments. Questions? No. No. Okay, we thank you both for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel change.